UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

GREEKTOWN HOLDINGS, LLC, et al.,

    Debtors.
_____/

Case No. 08-53104
Chapter 11
Jointly Administered
Hon. Maria L. Oxholm

BUCHWALD CAPITAL ADVISORS, LLC, solely
in its capacity as Litigation Trustee to the
GREEKTOWN LITIGATION TRUST

    Plaintiff,

Adv. Proc. No. 10-05712

v.

DIMITRIOS ("JIM") PAPAS, VIOLA PAPAS,
TED GATZAROS, MARIA GATZAROS
BARDEN DEVELOPMENT, INC., LAC VIEUX
DESERT BAND OF LAKE SUPERIOR
INDIANS, SAULT STE. MARIE TRIBE OF
CHIPPEWA INDIANS, KEWADIN CASINOS
GAMING AUTHORITY, and BARDEN
NEVADA GAMING, LLC,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS DIMITRIOS ("JIM") PAPAS, VIOLA PAPAS, TED GATZAROS, AND MARIA GATZAROS' MOTION FOR SUMMARY JUDMGENT (ECF No. 266)

On October 19, 2020, the Court issued an Opinion denying Defendants Dimitrios ("Jim") Papas, Viola Papas, Ted Gatzaros, and Maria Gatzaros' ("Defendants," "Papases" or "Gatzaroses") Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56, made applicable pursuant to Federal Rule of Bankruptcy Procedure 7056 ("Opinion") (ECF No. 838). For the reasons set forth in the Opinion, all of which are incorporated, herein,

**IT IS HEREBY ORDERED** that per *Merit Management*, the relevant transfer is the one that is identified by the trustee and is an otherwise avoidable transfer. Here, Plaintiff identifies the transfer it seeks to avoid as a transfer from Holdings to Defendants. Because neither the transferor (Holdings) or the transferee (Defendants), on their own, are a financial institution or other covered entity, the 2005 Transaction falls outside of the § 546(e) safe harbor.

**IT IS FURTHER ORDERED** that Defendants failed to meet their burden to establish that the 2005 Transaction was "for the benefit" of Merrill Lynch. Specifically, Defendants failed to show that Merrill Lynch received a direct, ascertainable, and quantifiable benefit corresponding in value to the payments to Defendants that Plaintiff seeks to avoid and recover.

**IT IS FURTHER ORDERED** that Defendants failed to prove that Holdings is by § 101(22)(A) deemed to be a "financial institution" because Merrill Lynch was acting as an agent or a custodian for its customer Holdings in making the transfers. None of the evidence presented by Defendants establishes an agency relationship between Holdings and MLPFS and/or MLCC. Likewise, none of the evidence presented by Defendants shows that MLPFS and/or MLCC was acting as a "custodian" for Holdings within the meaning of § 101(11)(C).

Accordingly, Defendants failed to prove the 2005 Transaction is protected from avoidance by the § 546(e) safe harbor provision. Consequently, the Court denies Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

**Signed on October 19, 2020**



/s/ Maria L. Oxholm
**Maria L. Oxholm**
**United States Bankruptcy Judge**